**Opinion issued December 12, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

——————————

**NO. 01-23-00391-CV**

——————————

**HARRIS COUNTY, Appellant**

**V.**

**HASAN GOKAL, Appellee**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-60942**

---

## DISSENTING OPINION

As directed by the State of Texas, Dr. Hasan Gokal tried to avoid wasting expiring COVID-19 vaccine doses. For his efforts, Harris County fired him, charged him with theft, and filed a complaint with the Texas Medical Board. A grand jury and the Texas Medical Board cleared Dr. Gokal of wrongdoing. Dr. Gokal sued

Harris County for race and national origin discrimination. The trial court denied Harris County's plea to the jurisdiction and motion for summary judgment.

Dr. Gokal's employment discrimination case comes down to whether Harris County had a legitimate, nondiscriminatory reason for firing him for not wasting life-saving vaccine doses when the vaccine was rolled out and instead giving them to at-risk people offsite. The majority concludes that Dr. Gokal did not raise a fact issue about whether the reason for his termination was a pretext for discrimination. I disagree.

Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–805 (1973), Harris County had the initial burden to proffer a nondiscriminatory reason for Dr. Gokal's termination. Harris County's termination letter stated that Dr. Gokal "took COVID vaccine home without permission" and "injected [his] friends and family." Harris County has thus met its burden to provide a nondiscriminatory reason for Dr. Gokal's termination.

The final step in the *McDonnell Douglas* analysis is to determine whether the "proffered explanation is unworthy of credence." *Dabbasi v. Motiva Enters., L.L.C.*, 107 F.4th 500, 507 (5th Cir. 2024). Dr. Gokal had the burden to show that either (1) Harris County's reason was just a pretext for race and national origin discrimination; or (2) that discrimination was part of the termination decision, even if the stated reason was correct. *Goudeau v. Nat'l Oilwell Varco L.P.*, 793 F.3d 470,

2

475 (5th Cir. 2015). "[A]ny evidence" that casts doubt on Harris County's assertion "is in play." *Lindsey v. Bio-Med. Applications of La., L.L.C.*, 9 F.4th 317, 325–26 (5th Cir. 2021). We view the evidence in the light most favorable to Dr. Gokal. *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 346 (5th Cir. 2019); *Little v. Tex. Dep't of Crim. Just.*, 177 S.W.3d 624, 629 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

The first half of Harris County's reason, taking the vaccine home "without permission," quickly meets resistance in the evidence. After exhausting onsite options for using the remaining doses, Dr. Gokal informed a senior analyst in the Public Health Department that he "was going to find individuals to give the vaccine to," and the analyst responded, "OK, good." While Dr. Gokal may not have had explicit permission to take the vaccine home, "going to go find individuals" indicates that he was going offsite somewhere. That the analyst did not limit where Dr. Gokal could go with the open vaccine vial may not have given Dr. Gokal explicit permission to go home with it, but it undermines "without permission." During the pre-vaccination days of the pandemic, people were not out and about, especially the people who qualified for the earliest administration of the vaccine. For the medically fragile population, travel was more difficult and riskier. And state guidance was not to waste doses. Jennifer Shufford, the Infection Disease Medical Director of the Department of State Health Services, told Dr. Gokal that "no doses of vaccine should be wasted." In another communication, the Department of State Health Services told

3

public health officials to "provide vaccine to any additional available and willing persons, regardless of their priority designation" if needed to avoid vaccine waste.

Dr. Gokal called Harris County to advise of his plans to leave the distribution center to find vaccine recipients after the center closed. That call would have been the moment for Harris County to advise him of a limit on offsite distribution or to tell him to throw out the remaining 10 doses of the vaccine or to direct him to check in for further instructions before the doses expired. That did not happen. Instead, the senior analyst approved of Dr. Gokal going offsite. This casts doubt on Harris County's reason for termination.

The second half of the stated reason itself creates a fact issue as to the motivation behind Dr. Gokal's termination. The letter recited that Dr. Gokal vaccinated his "friends and family," which is not exactly what happened. Instead, Dr. Gokal used his contacts on his drive home to locate vaccine recipients who were medically at risk. He managed to find 10 people who qualified, including the sole caregiver to a disabled child, and bedbound and elderly people. He vaccinated two people who met him at his home, then two who met him at his mother's home, and then traveled to vaccinate five more. That left one dose that was about to expire. When he ran out of people, he gave the last dose to his wife, who herself qualified for the vaccine. Harris County told him during the termination meeting that he did not equitably distribute the vaccine and instead gave it to "too many people with

4

Indian-sounding names." That distributing the vaccine to too many people with "Indian-sounding names" was seen as inequitable and that all people with "Indian-sounding names" were incorrectly assumed to be Dr. Gokal's friends and family casts doubt on the true reason for his termination.

Several factors create a genuine issue of material fact about whether Harris County's reason for firing Dr. Gokal—taking vaccines home without permission to vaccinate friends and family—is "unworthy of credence." *See Metro. Transit Auth. of Harris Cnty. v. Douglas*, 651 S.W.3d 122, 135 (Tex. App.—Houston [14th Dist.] 2021, no pet.). These include (1) the State's instructions not to waste vaccines; (2) Dr. Gokal's heroic attempts to comply with that directive after informing Harris County that he would go find recipients for the remaining 10 doses; (3) the hostility and skepticism directed at the vaccine recipients based on their race and national origin, and (4) attribution of a personal relationship between them and Dr. Gokal based on their race and national origin. A reasonable jury could conclude that discrimination was at least a "motivating factor" in terminating Dr. Gokal. *See id*. Thus, he has carried his summary judgment burden on his employment discrimination claims. *See Dunn v. Hunting Energy Servs*., 288 F. Supp. 3d 749, 788–89 (S.D. Tex. 2017).

Because Dr. Gokal sustained his burden of demonstrating a genuine issue of material fact about whether the reason Harris County terminated him was a pretext

for racial and national origin discrimination, I would affirm the trial court's judgment. Because the majority reaches the opposite conclusion, I respectfully dissent.

Sarah Beth Landau
Justice

Panel consists of Justices Goodman, Landau, and Hightower.

Justice Landau, dissenting.